In the Matter of ISRAEL AMTER, as Chairman of the State Committee of the COMMUNIST PARTY OF THE STATE OF NEW YORK, Appellant, against EDWARD J. FLYNN, as Secretary of State of THE STATE OF NEW YORK, Respondent.

Argued July 27, 1937; decided July 27, 1937.

*Joseph R. Brodsky* and *David M. Freedman* for appellant. The Communist party is a " party " within the language, intent and meaning of subdivision 5 of section 2 of the Election Law (Cons. Laws, ch. 17). (*McCluskey* v. *Cromwell*, 11 N. Y. 593; *Johnson* v. *Hudson River R. R. Co.*, 49 N. Y. 455; *Young* v. *Dake*, 5 N. Y. 463; *Hamilton* v. *Rathbone*, 175 U. S. 414; *People ex rel. Rand* v. *Craig*, 231 N. Y. 216.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* of counsel), for respondent. The Communist party is no longer a " party " within the meaning of the Election Law, as amended by chapter 955 of the Laws of 1935. (*Story* v. *Craig*, 231 N. Y. 33; *Matter of La Rocca* v. *Flynn*, 257 N. Y. 5; *Muller* v. *Oregon*, 208 U. S. 412; *People ex rel. Einsfeld* v. *Murray*, 149 N. Y. 367.)

CRANE, Ch. J. This is an appeal from an order of the Appellate Division, third department, which affirmed an order of a Special Term of the Supreme Court for Albany county denying an application for a peremptory order of mandamus which sought to compel the Secretary of State to accept for filing the designated statement of party positions of the Communist party to be filled at the primary elections to be held on September 16, 1937, and to direct the said Secretary of State to certify to the various boards of elections that the Communist party is a legally recognized party within the State. The Secretary of State refused to accept and file the statement thus offered on the ground that under the provisions of chapter 955 of the Laws of 1935, section 1, subdivision 5, the Communist party had ceased to be a recognized party having polled less than 50,000 votes for Governor at the election in 1936. In this

ruling the Secretary of State has been sustained by the Special Term and the Appellate Division.

By this law of 1935, chapter 955, section 1, the Election Law (Cons. Laws, ch. 17, § 2, subd. 5) of 1922 (L. 1922, ch. 588) was amended so as to read as follows: " The term ' party ' means any political organization which at the last preceding election for governor polled at least twenty-five thousand votes for governor, or at an election for governor after January first, nineteen hundred and thirty-six, polled at least fifty thousand votes for governor."

At the election for Governor in 1936 the Communist party polled less than 50,000 votes, the total number being 40,406 votes. Nevertheless the appellant insists that upon a strict and literal interpretation of this amendment the Communist party is entitled to the designation and treatment of a party under the Election Law. Perhaps the section can be so read, as the word " or " would indicate an alternative. The appellant claims that if the Communist party at the gubernatorial election in 1934 polled at least 25,000 votes it is to be considered a party at every election thereafter, although its vote may have dwindled to almost nothing.

This amendment of 1935 became a law on May 16, 1935. There was an election to be held in November of that year, but it was not a gubernatorial election. The Communist party would be a party for that election. When, however, at the election for Governor in 1936 it polled less than 50,000 votes, thereafter it ceased to be a party. This is the only way in which this section can be interpreted and be given any sense. In other words, up until the gubernatorial election of 1936 the Communist party remained a party; thereafter it continued as a party provided it polled at least 50,000 votes for Governor.

The intention of the Legislature to increase the number of registered votes to give to an organization the standing of a party under the Election Law is apparent in prior legislation. Under the Election Law of 1911 (L. 1911,

ch. 649, § 2; L. 1911, ch. 872, § 1; L. 1911, ch. 891, § 3), 10,000 votes were sufficient, which in 1922 were increased to 25,000 after January 1, 1923. Now we have it at 50,000 in or after the gubernatorial election of 1936.

We, therefore, approve of the decision and opinion of Mr. Justice SCHENCK at Special Term, and the affirmance by the Appellate Division.

The order should be affirmed, without costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.